No. 3333

Second Circuit

---

## HUTCHINSON BROS. v. JONES, JR.

---

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)

---

Rusca and Cunningham of Natchitoches, attorneys for plaintiff, appellant.

James W. Jones, Jr., Natchitoches, attorney for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff, Hutchinson Brothers, sold to defendant, James W. Jones, Jr., a Stultz & Bauer piano No. 30312 for the price of $450.00, and received in payment therefor $25.00 in cash and forty-two promissory notes of the purchaser, numbered from 1 to 42, dated September 9, 1918, drawn payable to the order of the vendor, forty-one of them being for the sum of $10.00 each, payable, one on the first day of October, 1918, and one

on the first day of each of the next succeeding forty calendar months, and one being for the sum of $15.00, payable on the first day of March, 1922. And by a contemporaneous written agreement defendant agreed to pay interest at the rate of six per cent per annum on the notes from their date until their maturity and at the rate of eight per cent per annum thereafter until paid, and also agreed to pay ten per cent on the amount of principal and interest of the notes as attorney's fees, should any of them be placed in the hands of an attorney for collection.

Plaintiff brings this suit to recover the amount represented by the notes numbered 30 to 42, both inclusive, being twelve for the sum of $10.00 each and one for the sum of $15.00, and interest thereon and attorney's fees, according to the contemporaneous agreement, and for the sum of $78.00, and interest thereon, being the amount of an unpaid draft dated August 15, 1923, payable October 1, 1923, drawn by defendant in favor of plaintiff on the Continental Bank & Trust Company, of Shreveport, Louisiana, and alleged by plaintiff to have been given to it by defendant in payment of principal and interest owing on six of the notes, numbered 24 to 29, both inclusive, maturing on the first day of the months of September, October, November and December, 1920, and January and February, 1921. Plaintiff also asks for recognition of its vendor's privilege on the piano and for attorney's fees. And, on making affidavit and giving bond, as required by law, a writ of provisional seizure was issued and the piano seized.

The defense is that defendant only owes plaintiff the amount owing on seven of the notes, namely, those numbered 36 to 42, both inclusive, and the amount of the unpaid draft; defendant alleging that the draft was given in payment of the princi-pal and interest owing on the notes numbered 30 to 35, both inclusive, and that defendant had promised to surrender the notes to him but had failed to do so.

On these issues the case was tried and there was judgment "in the sum of sixty dollars, being the amount of six notes of ten dollars each, and in the further sum of fifteen dollars, making a total of seventy-five dollars, with interest thereon at 6 per cent from September 9, 1918, until October 15, 1924. It is further ordered and decreed that defendant pay all costs of this cause incurred to October 15, 1924, and plaintiff pay all other costs."

From this judgment plaintiff has appealed.

## OPINION

The only question to be determined in this case is whether the unpaid draft for $78.00 was given in payment for the six notes numbered 24 to 29, both inclusive, and surrendered by plaintiff to defendant, as alleged by plaintiff, or in payment of the six notes numbered 30 to 35, both inclusive, as alleged by defendant; and the evidence on the point is conflicting.

E. H. P. Braswell, a witness on behalf of plaintiff, testified:

"Q. What connection, if any, do you have with Hutchinson Brothers?
"A. Credit manager, and I have charge of all clerical work.
"Q. There is a draft attached to this petition, dated August 15, 1923, by defendant to Hutchinson Brothers, for $78.00. Please explain what that draft was for?
"A. I called on Mr. Jones on August 15th for payment of his contract notes, and on that date he gave me this draft for $78.00 to cover six notes which were dated September 1, 1920, October 1, 1920, November 1, 1920, December 1, 1920, January 1, 1921, and February 1, 1921, and being numbered 24, 25, 26, 27, 28 and 29.

"Q. What were the amounts of the notes?

"A. The notes were $10.00 each, with interest of $18.00, which made $60.00 principal and $18.00 interest.

"Q. Were they a part of the same issue of notes?

"A. Yes, sir.

"Q. Attached to the petition?

"A. Yes, sir.

"Q. Did you deliver these notes to Judge Jones?

"A. Yes, sir; I gave him all the notes and he gave me his draft for the six notes and interest.

"Q. Was the draft paid?

"A. No, sir."

Cross-examined by the defendant himself, the witness testified:

"Q. Weren't you to send those notes?

"A. No, sir; I gave those notes to yo˙ in your office.

"Q. You are positive?

"A. Yes.

"Q. That covered six notes and interes and you claim you delivered them to me in my office?

"A. Yes.

* * * *

"Q. And you say you sent me the notes?

"A. No; I gave you the notes in you office. I did not send them to you."

The defendant, James W. Jones, Jr. testifying in his own behalf, said:

"The draft dated August 15, 1923, paid (due) on October 1, 1923, covered six notes, and the six notes were due March 1, April 1, May 1, June 1, July 1, 1921, which notes are numbered 30, 31, 32, 33, 34. The purpose of the draft was in order that the notes might be sent by the company, but they were never sent. * * * The six notes were never mailed to me as promised, and have never been in my possession."

The witness Braswell testified in rebuttal:

"Q. Judge Jones has just testified tha the notes were never mailed to him as promised. I understood you to say that you delivered the notes to him in person when the draft was given.

"A. I did. I delivered the notes to him in his office, and would have no reason for taking the draft back."

Defendant's evidence is set off by that of plaintiff and the burden being on defendant to establish his defense by a preponderance of the evidence, the burden has not been discharged, and the judgment must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and set aside, and it is now ordered, adjudged and decreed that plaintiff, Hutchinson Brothers, have judgment against the defendant, James W. Jones, Jr., for the principal of the thirteen promissory notes sued on, $135.00, with interest at the rate of 6 per cent per annum on the amount of each one of them from its date until its maturity and thereafter at the rate of 8 per cent per annum until paid, and for 10 per cent on the amount of the principal and interest of all of the notes, as attorney's fees; and for further judgment for the amount of the unpaid draft, $78.00, with legal interest thereon from judicial demand until paid.

It is further ordered, adjudged and decreed that the plaintiff's vendor's privilege on the piano for the entire amount of this judgment be recognized and that the writ of provisional seizure be sustained and that the piano be sold according to law for the satisfaction of this judgment. Defendant to pay all costs.